IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
J.N
NOV 28 2007
11-28-2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| CONDAS WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) 07CV6689 |
| UNITED STATES, | ) JUDGE ZAGEL |
| | ) MAG. JUDGE COLE |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, Condas Williams, by and through his attorneys, S. Jerome Levy & Associates, P.C., complaining against the Defendant, United States, states:

### I.

### JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. and 28 U.S.C. §1346 (b) for money damages for personal injuries that were caused by the negligent and wrongful acts and omissions, including medical malpractice, of the employees of the United States Government while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff, Condas Williams, in accordance with the laws of the State of Illinois.

2. Venue is proper in that all or substantially all of the acts and omissions forming the basis of the claims herein occurred in the Northern District of Illinois and arose from or are related to the failure to provide the Plaintiff, Condas Williams, with appropriate care, treatment and monitoring when he was transferred by the Defendant, United States, from a federal penitentiary to the facility selected by the

United States and located at or about 105 South Ashland in the City of Chicago, County of Cook, State of Illinois where the Plaintiff was required by the Defendant, United States, to reside as a condition of the Plaintiff's release.

## THE PARTIES

3. The Plaintiff, Condas Williams, is a person living in the City of Chicago, County of Cook, State of Illinois.

4. At all relevant times, the Defendant, United States, was and is a governmental entity that, by its employees and agents, released the Plaintiff, Condas Williams, from a federal penitentiary to a facility it selected and approved located at or about 105 South Ashland in the City of Chicago, County of Cook, State of Illinois.

## CONDITIONS PRECEDENT

5. The Plaintiff, Condas Williams, has fully complied with all provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act, including but not limited to the timely submission of the Plaintiff's Standard Form 95 to the U.S. Department of Justice, Federal Bureau of Prisons for administrative review.

6. The Defendant, United States, considered the claim of the Plaintiff, Condas Williams, pursuant to the Federal Tort Claims Act, 28 C.F.R. §0.172, and 28 C.F.R. Part 14, and issued a formal denial of the claim dated May 29, 2007 and thereafter sent the denial via United States Post Office certified mail bearing the postal date of May 30, 2007. A true and accurate copy of the aforesaid denial and the envelope bearing the postal date of May 30, 2007 is attached hereto as Exhibit A.

## II

## **EVENTS FORMING BASIS OF THE CLAIM**

7. For a substantial time prior to June 5, 2005, the Plaintiff, Condas Williams, was and remained at a federal penitentiary.

8. At all relevant times, including during the time of the Plaintiff, Condas Williams' incarceration, the Defendant, United States, acting by and through its employees, was aware of the Plaintiff's history of psychiatric conditions, including but not limited to bi-polar disorder, depression, paranoia and schizoid behavior.

9. At all relevant times, including during the time of the Plaintiff, Condas Williams' incarceration, the Defendant, United States, acting by and through its employees, provided the Plaintiff with health care services, including care, treatment, monitoring, and medical and psychiatric management, including medications, for his psychiatric conditions, including but not limited to bi-polar disorder, depression, paranoia and schizoid behavior.

10. At all relevant times, including during the time of the Plaintiff, Condas Williams' incarceration, the Defendant, United States, acting by and through its employees, regularly provided the Plaintiff with health care services, including care, treatment, monitoring, and medical and psychiatric management, including medications, for his psychiatric conditions, including but not limited to bi-polar disorder, depression, paranoia and schizoid behavior, through physicians and other health care providers experienced with the types of psychiatric conditions possessed by the Plaintiff.

11. At all relevant times, including during the time of the Plaintiff, Condas Williams' incarceration, the Plaintiff received health care services, including care, treatment, monitoring, and medical and psychiatric management, including medications, for his psychiatric conditions, including but

not limited to bi-polar disorder, depression, paranoia and schizoid behavior, from the Defendant, United States, and relied upon the provision of such services for the continued management of his aforesaid conditions.

12. On or around May 15, 2005, the Defendant, United States, acting by and through its employees, transferred the Plaintiff, Condas Williams, from the federal penitentiary to a half-way facility selected and approved by the Defendant, United States, located at or about 105 S. Ashland Avenue in the City of Chicago, County of Cook, State of Illinois and required the Plaintiff to reside there as a condition of his release.

13. At all relevant times, including before May 15, 2005 and continuing to at least June 5, 2005, and throughout the Defendant, United States' transfer of the Plaintiff, Condas Williams, from the federal penitentiary to a half-way facility selected and approved by the Defendant, United States, the Defendant, acting by and through its employees, knew or should have known that the Plaintiff, Condas Williams, was continuing to suffer from the aforesaid medical and psychiatric conditions and was still in need of medical and psychiatric care, including medications and services, to properly address and manage these conditions.

14. At all relevant times, including but not limited to surrounding the time the Plaintiff, Condas Williams, was transferred by the Defendant, United States, to and arrived at the above-mentioned facility selected and approved by the Defendant, United States, located at or about 105 S. Ashland Avenue in the City of Chicago, County of Cook, State of Illinois where the Defendant required the Plaintiff to reside as a condition of his release, the Defendant, United States, knew or should have known that the Plaintiff, Condas Williams, required sufficient and appropriate medication to continue to properly manage his conditions, including his psychiatric conditions.

15. At all relevant times, including but not limited to surrounding the time the Plaintiff, Condas Williams, was transferred by the Defendant, United States, to and arrived at the above-mentioned facility selected and approved by the Defendant, United States, where the Defendant required the Plaintiff to reside as a condition of his release, the Defendant, United States, knew or should have known that the Plaintiff, Condas Williams, required appropriate and sufficient access to psychiatric and mental health treatment and medical care to properly manage his conditions, including his psychiatric conditions.

16. At all relevant times, including but not limited to surrounding the time the Plaintiff, Condas Williams, was transferred by the Defendant, United States, to and arrived at the above-mentioned facility selected and approved by the Defendant, United States, where the Defendant required the Plaintiff to reside as a condition of his release, the Defendant, United States, knew or should have known that the Plaintiff, Condas Williams, required sufficient and appropriate monitoring and services to properly manage his conditions, including his psychiatric conditions.

17. At all relevant times, including but not limited to surrounding the time the Plaintiff, Condas Williams, was transferred by the Defendant, United States, to and arrived at the above-mentioned facility selected and approved by the Defendant, United States, where the Defendant required the Plaintiff to reside as a condition of his release, the Defendant, United States, knew or should have known that the Plaintiff, Condas Williams, required sufficient continuity of care to properly manage his conditions, including his psychiatric conditions.

18. The Plaintiff, Condas Williams, was not provided with appropriate and sufficient medical and psychiatric care services, including but not limited to medication, monitoring, continuity of care and other services, and as a result suffered a worsening of his conditions, including his psychiatric

conditions, and jumped or otherwise fell off of the fifth floor of the half-way facility selected and approved by the Defendant, United States, located at or about 105 S. Ashland Avenue in the City of Chicago, County of Cook, State of Illinois.

## III

## MEDICAL MALPRACTICE CLAIM

19. The Plaintiff, Condas Williams, adopts and incorporates by reference herein all allegations set forth above, including those in paragraphs 1 through 18.

20. At all relevant times, including from May 15, 2005 through and including June 5, 2005, it was the duty of the Defendant, United States, acting by and through its employees, to furnish the Plaintiff, Condas Williams, with competent, qualified, and skilled transfer, medical and psychiatric services, including but not limited to care, treatment, monitoring, transfer, medication, medical and psychiatric management and care, for his medical and psychiatric conditions, including but not limited to bi-polar disorder, depression, paranoia and schizoid behavior.

21. In breach of this duty, the Defendant, United States, acting by and through its employees, was negligent in committing one or more of the following acts or omissions:

   a. failed to properly and promptly treat, monitor and care for the Plaintiff leading up to and through his transfer from the penitentiary to the halfway facility;

   b. failed to properly and promptly order or otherwise provide sufficient and appropriate medication to continue to properly manage the Plaintiff's conditions, including his psychiatric conditions,

   c. failed to promptly and properly order or otherwise provide appropriate and sufficient access to psychiatric and mental health treatment and medical care to properly manage his conditions, including his psychiatric conditions;

   d. failed to promptly and properly order or otherwise provide sufficient and appropriate monitoring and services to properly manage his conditions, including his psychiatric

        conditions;

e.      failed to promptly and properly institute a plan of treatment to appropriately address the Plaintiff's conditions, including by failing to transfer the Plaintiff to a facility where he would not have access to areas where he could fall or jump and thereby injure himself;

f.      failed to properly instruct, communicate with, monitor and advise the individuals involved in the Plaintiff's care and treatment so as to manage his psychiatric conditions and the resulting behaviors;

g.      failed to provide proper support and personnel to appropriately and safely transfer the Plaintiff;

h.      failed to use proper skill and knowledge in obtaining and providing services, care, treatment, monitoring, follow-up and care for the Plaintiff;

i.      failed to promptly and properly provide the Plaintiff with the necessary continuity of care;

j.      failed to promptly and properly treat, respond to and otherwise manage the Plaintiff's signs, symptoms and conditions so as to prevent, minimize, or minimize the risk that the Plaintiff would suffer a worsening of his condition or otherwise injure himself;

k.      failed to properly establish, direct, monitor and follow appropriate applicable rules, regulations, policies, procedures, customs and practices in the transfer, care and treatment of the Plaintiff and in the plan to effectuate same; and

l.      was otherwise negligent.

22. As a direct and proximate result of one or more of the above negligent acts or omissions by the Defendant, United States, the Plaintiff, Condas Williams, suffered a worsening of his medical and psychiatric conditions and as a result of the escalation and worsening of those conditions, jumped or otherwise fell off the fifth floor of the facility where the Defendant, United States, required him to reside as a condition of his release, and was thereby severely and permanently injured, including but not limited to his spine, back, and legs; he suffered spinal fractures and required surgery to address such, including a discectomy from L1 to L4 and had a spinal fusion and corpectomy, left ankle fracture

requiring open reduction and internal fixation, and a worsening of his conditions, including his psychiatric conditions; as a result thereof he is and remains paralyzed and has and continues to suffer the loss of his full range of motion and mobility, has had and with reasonable likelihood in the future will need to be admitted and re-admitted to the hospital and has received and with reasonable certainty in the future will need services, including but not limited to medical, psychiatric, rehabilitative, care and other services to address his conditions, he is and remains disabled, has experienced and with reasonable likelihood in the future will continue to experience tremendous pain, suffering, discomfort, and disability, he has experienced and is at increased risk for suffering in the future aggravation and worsening of his conditions, including but not limited to his physical and psychiatric conditions, was and with reasonable certainty in the future will continue to be prevented from attending to his usual and customary affairs and duties to the same extent and in the same manner as he otherwise would be permitted and has and with reasonable certainty in the future will lose the full value and enjoyment of his time, incurred and with reasonable likelihood in the future may incur substantial expenses, including but not limited to medical, health care, psychiatric and care expenses and has lost and with reasonable likelihood in the future will continue to lose some of his independence as a result of the injuries suffered.

23. Attached hereto as Exhibit B is the requisite Attorneys' Affidavit as required by the Illinois Code of Civil Procedure in medical malpractice cases.

WHEREFORE, the Plaintiff, Condas Williams, respectfully requests judgment against the Defendant, United States of America, as follows:

- Awarding the Plaintiff, Condas Williams, a money judgment in the amount of $900,000 for the personal injuries he sustained;

- Awarding attorneys fees, court costs and all other reasonable costs incurred, including those permitted pursuant to 28 U.S.C. §1920 and Rule 54(d), F.R.Civ.P.

## IV
## NEGLIGENCE CLAIM

24. The Plaintiff, Condas Williams, adopts and incorporates by reference herein all allegations set forth above, including those in paragraphs 1 through 18.

25. At all relevant times, including from May 15, 2005 through and including June 5, 2005, it was the duty of the Defendant, United States, acting by and through its employees, to use reasonable care in transferring the Plaintiff, Condas Williams, from the penitentiary to the required half-way house, including in providing the medication ordered and to communicate the plan of transfer and release to the individuals at the aforementioned half-way house for the protection and safety of the Plaintiff.

26. In breach of this duty, the Defendant, United States, acting by and through its employees, was negligent in committing one or more of the following acts or omissions:

   a. failed to properly and promptly transfer the Plaintiff and the medication ordered for him from the penitentiary to the halfway facility;

   b. failed to properly and promptly provide, transport and transfer the medication as ordered to continue to manage the Plaintiff's conditions;

   c. failed to promptly and properly communicate the ordered plan for access to psychiatric and mental health treatment and medical care to properly manage his conditions, including his psychiatric conditions;

   d. failed to promptly and properly order or otherwise provide sufficient and appropriate monitoring and services to safeguard the Plaintiff;

   e. failed to promptly and properly communicate and transfer the plan of treatment created to appropriately address the Plaintiff's conditions, including by failing to transfer the Plaintiff to a facility where he would not have access to areas where he could fall or jump and thereby injure himself;

   f. failed to properly instruct, communicate with, monitor and advise the individuals involved in the Plaintiff's transfer and at the half-way house of the Plaintiff's needs,

g. failed to provide proper support and personnel to appropriately and safely transfer and discharge the Plaintiff;

h. failed to provide proper housing arrangements for the Plaintiff given his condition and history;

i. allowed the Plaintiff to be transferred and reside at a building that was not safe for him;

j. failed to prevent, minimize, or minimize the risk that the Plaintiff would jump, fall or otherwise injure himself from the fifth or other upper floors, including by providing barricades or other devices to prevent access by the Plaintiff to the upper floors;

m. was otherwise negligent.

27. As a direct and proximate result of one or more of the above negligent acts or omissions by the Defendant, United States, the Plaintiff, Condas Williams, jumped or otherwise fell off the fifth floor of the facility where the Defendant, United States, required him to reside as a condition of his release, and was thereby severely and permanently injured, including but not limited to his spine, back, and legs; he suffered spinal fractures and required surgery to address such, including a discectomy from L1 to L4 and had a spinal fusion and corpectomy, left ankle fracture requiring open reduction and internal fixation, and a worsening of his conditions, including his psychiatric conditions; as a result thereof he is and remains paralyzed and has and continues to suffer the loss of his full range of motion and mobility, has had and with reasonable likelihood in the future will need to be admitted and re-admitted to the hospital and has received and with reasonable certainty in the future will need services, including but not limited to medical, psychiatric, rehabilitative, care and other services to address his conditions, he is and remains disabled, has experienced and with reasonable likelihood in the future will continue to experience tremendous pain, suffering, discomfort, and disability, he has experienced and is at increased risk for suffering in the future aggravation and worsening of his conditions, including but not limited to his physical and psychiatric conditions, was and with reasonable certainty in the future will

continue to be prevented from attending to his usual and customary affairs and duties to the same extent and in the same manner as he otherwise would be permitted and has and with reasonable certainty in the future will lose the full value and enjoyment of his time, incurred and with reasonable likelihood in the future may incur substantial expenses, including but not limited to medical, health care, psychiatric and care expenses and has lost and with reasonable likelihood in the future will continue to lose some of his independence as a result of the injuries suffered.

WHEREFORE, the Plaintiff, Condas Williams, respectfully requests judgment against the Defendant, United States of America, as follows:

- Awarding the Plaintiff, Condas Williams, a money judgment in the amount of $900,000 for the personal injuries he sustained;

- Awarding attorneys fees, court costs and all other reasonable costs incurred, including those permitted pursuant to 28 U.S.C. §1920 and Rule 54(d), F.R.Civ.P.

Respectfully submitted,

By: _____
S. Jerome Levy

S. JEROME LEVY & ASSOCIATES, P.C.
One East Wacker Drive, Suite 2500
Chicago, Illinois 60601
(312) 832-1616

# EXHIBIT A

# EXHIBIT A



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of Regional Counsel*

400 State Avenue
Tower II, Suite 800
Kansas City, KS 66101

MAY 29 2007

S. Jerome Levy
S. Jerome Levy & Associates, P.C.
One East Wacker Drive   Suite 2500
Chicago, Illinois 60601

Re:   Administrative Claim Number TRT-NCR-2006-04121
      Condas Williams, Register No. 10762-424, Personal Injury

**CERTIFIED NUMBER 7005 1820 0002 3373 4427**

Dear Mr. Levy:

   The above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172, Authority: Federal Tort Claims and 28 C.F.R. Part 14, Administrative Claims Under Federal Tort Claims Act. We have completed our investigation of your client's claim alleging he jumped from a building and sustained injuries due to Bureau of Prisons employees' failure to provide him with prescribed psycho tropic medication upon his transfer to a halfway house facility. Our investigation revealed your client did not suffer any personal injury as a result of negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

   As a result of this investigation, your client's claim is denied. This letter serves as a notification of final denial under 28 C.F.R. § 14.9, Final Denial of Claim. If your client is dissatisfied with our agency's action, he may file suit in the appropriate U.S. District Court no later than six months after the date of mailing of this notification.

Sincerely,

*Richard W. Schott*

Richard W. Schott
Regional Counsel



**U.S. Department of Justice**
*Federal Bureau of Prisons*
*North Central Regional Office*

*400 State Avenue, Gateway Tower II, 8th Floor*
*Kansas City, Kansas 66101-2421*

Official Business

CERTIFIED MAIL

7005 1820 0002 3373 4427

S. Jerome Levy
S. Jerome Levy & Associates, P.C.
One East Wacker Drive  Suite 2500
Chicago, Illinois 60601

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONDAS WILLIAMS, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) No. ) |
| UNITED STATES, | ) ) |
| Defendant. | ) |

### Affidavit of S. Jerome Levy

S. Jerome Levy, having been duly sworn on oath, deposes and states:

1. I am above the age of eighteen, am competent to testify, am the attorney for the Plaintiff in this case and have personal knowledge of the facts stated herein.

2. I have been unable to obtain a consultation required by Paragraph 1 of section 5/2-622 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations.

3. I intend to file the required consultation as required under Illinois law.

AFFIANT FURTHER SAYETH NOT.

_____

SUBSCRIBED and SWORN to before me
this 28th day of November, 2007.

_____
Notary Public

"OFFICIAL SEAL"
JANET L. DREJAS
Notary Public, State of Illinois
My Commission Expires 08/23/10