UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONDAS WILLIAMS,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | )<br>)<br>)<br>)  No. 07 C 6689<br>)<br>)  Judge Zagel<br>)<br>)<br>)<br>) |

## ANSWER

The United States of America, through its attorney, Patrick J. Fitzgerald, U.S. Attorney for the Northern District of Illinois, answers the complaint as follows:

### I. Jurisdiction and Venue

Complaint ¶ 1.   This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq*. and 28 U.S.C. § 1346 (b) for money damages for personal injuries that were caused by the negligent and wrongful acts and omissions, including medical malpractice, of the employees of the United States Government while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff, Condas Williams, in accordance with the laws of the State of Illinois.

Answer:   Admit that plaintiff invokes jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq*.  Deny that plaintiff is entitled to money damages for personal injuries.  Deny negligent and wrongful acts and omissions, including medical malpractice, by employees of the United States Government while acting within the scope of their office or employment.

Complaint ¶ 2.   Venue is proper in that all or substantially all of the acts and omissions forming the basis of the claims herein occurred in the Northern District of Illinois and arose from

or are related to the failure to provide the Plaintiff, Condas Williams, with appropriate care, treatment and monitoring when he was transferred by the Defendant, United States, from a federal penitentiary to the facility selected by the United States and located at or about 105 South Ashland in the City of Chicago, County of Cook, State of Illinois where the Plaintiff was required by the Defendant, United States, to reside as a condition of the Plaintiffs release.

    Answer:    Admit venue is proper.

## The Parties

    Complaint ¶ 3.    The Plaintiff, Condas Williams, is a person living in the City of Chicago, County of Cook, State of Illinois.

    Answer:    Lack knowledge or information sufficient to form a belief.

    Complaint ¶ 4.    At all relevant times, the Defendant, United States, was and is a governmental entity that, by its employees and agents, released the Plaintiff, Condas Williams, from a federal penitentiary to a facility it selected and approved located at or about 105 South Ashland in the City of Chicago, County of Cook, State of Illinois.

    Answer:    Admit that the United States of America is a sovereign entity. Admit that employees of the United States released plaintiff from the United States Penitentiary, Terre Haute, Indiana, to a half way house facility located at or about 105 South Ashland in the City of Chicago, County of Cook, State of Illinois.

## Conditions Precedent

    Complaint ¶ 5.    The Plaintiff, Condas Williams, has fully complied with all provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act, including but not limited to the timely submission of the Plaintiffs Standard Form 95 to the U.S. Department of Justice, Federal Bureau of Prisons for administrative review.

2

Answer:   Admit that plaintiff filed a tort claim # TRT-NCR-2006-04121 with the Federal Bureau of Prisons, North Central Regional Office, which was received on June 26, 2006.

Complaint ¶ 6.   The Defendant, United States, considered the claim of the Plaintiff, Condas Williams, pursuant to the Federal Tort Claims Act, 28 C.F.R. 50.172, and 28 C.F.R.Part 14, and issued a formal denial of the claim dated May 29, 2007 and thereafter sent the denial via United States Post Office certified mail bearing the postal date of May 30, 2007. A true and accurate copy of the aforesaid denial and the envelope bearing the postal date of May 30, 2007 is attached hereto as Exhibit A.

Answer:   Admit that tort claim # TRT-NCR-2006-04121 was considered and a denial notice dated May 29, 2007, was sent via certified mail to plaintiff's attorney.

## II. Events Forming Basis of the Claim

Complaint ¶ 7.   For a substantial time prior to June 5, 2005, the Plaintiff, Condas Williams, was and remained at a federal penitentiary.

Answer:   Admit that plaintiff was confined at the United States Penitentiary, Terre Haute, Indiana from February 17, 2004 until May 17, 2005.

Complaint ¶ 8.   At all relevant times, including during the time of the Plaintiff, Condas Williams' incarceration, the Defendant, United States, acting by and through its employees, was aware of the Plaintiffs history of psychiatric conditions, including but not limited to bi-polar disorder, depression, paranoia and schizoid behavior.

Answer:   Deny that at all relevant times, employees of the United States were aware of plaintiff's history of psychiatric conditions, including but not limited to bi-polar disorder, depression, paranoia and schizoid behavior. Aver that in January, 2004 plaintiff's final diagnosis was schizophrenia, paranoid type while housed at the U.S. Federal Medical Center for Prisoners,

3

Springfield, MO.

Complaint ¶ 9. At all relevant times, including during the time of the Plaintiff, Condas Williams' incarceration, the Defendant, United States, acting by and through its employees, provided the Plaintiff with health care services, including care, treatment, monitoring, and medical and psychiatric management, including medications, for his psychiatric conditions, including but not limited to bi-polar disorder, depression, paranoia and schizoid behavior.

Answer:   Admit that at all times relevant, including the time of plaintiff's incarceration, U.S. employees provided plaintiff with health care services, including care, treatment, monitoring, medical and psychiatric management, as well as medications, for his psychiatric conditions of schizophrenia, paranoid type.  Deny the remaining allegations.

Complaint ¶ 10. At all relevant times, including during the time of the Plaintiff, Condas Williams' incarceration, the Defendant, United States, acting by and through its employees, regularly provided the Plaintiff with health care services, including care, treatment, monitoring, and medical and psychiatric management, including medications, for his psychiatric conditions, including but not limited to bi-polar disorder, depression, paranoia and schizoid behavior, through physicians and other health care providers experienced with the types of psychiatric conditions possessed by the Plaintiff.

Answer:   Admit that at all times relevant, including the time of plaintiff's incarceration, U.S. employees regularly provided plaintiff with health care services, including care, treatment, monitoring, and medical and psychiatric management, as well as medications, for his psychiatric conditions through physicians and other health care providers experienced with the types of psychiatric conditions possessed by plaintiff.  Deny the remaining allegations.

Complaint ¶ 11. At all relevant times, including during the time of the Plaintiff, Condas

Williams' incarceration, the Plaintiff received health care services, including care, treatment, monitoring, and medical and psychiatric management. including medications, for his psychiatric conditions, including but not limited to bi-polar disorder, depression, paranoia and schizoid behavior, from the Defendant, United States, and relied upon the provision of such services for the continued management of his aforesaid conditions.

    Answer:    Admit that at all times relevant, including the time of plaintiff's incarceration, plaintiff received health care services, including care, treatment, monitoring and medical and psychiatric management, including medications, for his psychiatric conditions of schizophrenia, paranoid type. Deny the remaining allegations concerning other psychiatric conditions. Lack knowledge or information sufficient to form a belief as to whether plaintiff relied upon the provisions of such services for continued care after he was released from USP Terre Haute, Indiana.

    Complaint ¶ 12. On or around May 15, 2005, the Defendant, United States, acting by and through its employees, transferred the Plaintiff, Condas Williams, from the federal penitentiary to a half-way facility selected and approved by the Defendant, United States, located at or about 105 S. Ashland Avenue in the City of Chicago, County of Cook, State of Illinois and required the Plaintiff to reside there as a condition of his release.

    Answer:    Deny that plaintiff was transferred to a half way house facility on or around May 15, 2005. Admit that plaintiff was transferred from the U.S. Penitentiary, Terre Haute, Indiana on May 17, 2005 to a half way house facility located at 105 S. Ashland Avenue in the City of Chicago, County of Cook, State of Illinois. Aver that plaintiff accepted placement at a half way house facility (a private contract facility) as a condition of his release.

    Complaint ¶ 13. At all relevant times, including before May 15, 2005 and continuing to at least June 5, 2005, and throughout the Defendant, United States' transfer of the Plaintiff, Condas

5

Williams, from the federal penitentiary to a half-way facility selected and approved by the Defendant, United States, the Defendant, acting by and through its employees, knew or should have known that the Plaintiff, Condas Williams, was continuing to suffer from the aforesaid medical and psychiatric conditions and was still in need of medical and psychiatric care, including medications and services, to properly address and manage these conditions.

    Answer:   Admit that U.S. employees knew or should have known that plaintiff was continuing to suffer from medical and psychiatric conditions while in the custody of the Federal Bureau of Prisons at USP Terre Haute, Indiana. Deny the remaining allegations.

    Complaint ¶ 14. At all relevant times, including but not limited to surrounding the time the Plaintiff, Condas Williams, was transferred by the Defendant, United States, to and arrived at the above-mentioned facility selected and approved by the Defendant, United States, located at or about 105 S. Ashland Avenue in the City of Chicago, County of Cook, State of Illinois where the Defendant required the Plaintiff to reside as a condition of his release, the Defendant, United States, knew or should have known that the Plaintiff, Condas Williams, required sufficient and appropriate medication to continue to properly manage his conditions, including his psychiatric conditions.

    Answer:   Admit that U.S. employees knew or should have known that plaintiff required sufficient and appropriate medication to continue to properly manage his conditions, including his psychiatric conditions. Deny the remaining allegations and any responsibility for continued managed health care after his transfer to a private half way house facility.

    Complaint ¶ 15. At all relevant times, including but not limited to surrounding the time the Plaintiff, Condas Williams, was transferred by the Defendant, United States, to and arrived at the above-mentioned facility selected and approved by the Defendant, United States, where the Defendant required the Plaintiff to reside as a condition of his release, the Defendant, United States,

knew or should have known that the Plaintiff, Condas Williams, required appropriate and sufficient access to psychiatric and mental health treatment and medical care to properly manage his conditions, including his psychiatric conditions.

Answer: Admit U.S. employees knew or should have known that plaintiff required appropriate and sufficient access to psychiatric and mental health treatment and medical care to properly manage his conditions, including his psychiatric conditions after he was transfer. Deny the remaining allegations and any responsibility for continued managed health care after his transfer to a private half way house facility.

Complaint ¶ 16. At all relevant times, including but not limited to surrounding the time the Plaintiff, Condas Williams , was transferred by the Defendant, United States, to and arrived at the above-mentioned facility selected and approved by the Defendant, United States, where the Defendant required the Plaintiff to reside as a condition of his release, the Defendant, United States, knew or should have known that the Plaintiff, Condas Williams, required sufficient and appropriate monitoring and services to properly manage his conditions, including his psychiatric conditions.

Answer: Admit that U.S. employees knew or should have known that plaintiff required sufficient and appropriate monitoring and services to properly manage his conditions, including his psychiatric conditions. Deny the remaining allegations and any responsibility for continued managed health care after his transfer to a private half way house facility.

Complaint ¶ 17. At all relevant times, including but not limited to surrounding the time the Plaintiff, Condas Williams, was transferred by the Defendant, United States, to and arrived at the above-mentioned facility selected and approved by the Defendant, United States, where the Defendant required the Plaintiff to reside as a condition of his release, the Defendant, United States, knew or should have known that the Plaintiff, Condas Williams, required sufficient continuity of

care to properly manage his conditions, including his psychiatric conditions.

Answer: Admit U.S. employees knew or should have known that plaintiff required sufficient continuity of care to properly mange his conditions, including his psychiatric conditions. Deny the remaining allegations and any responsibility for continued managed health care after his transfer to a private half way house facility.

Complaint ¶ 18. The Plaintiff, Condas Williams, was not provided with appropriate and sufficient medical and psychiatric care services, including but not limited to medication, monitoring, continuity of care and other services, and as a result suffered a worsening of his conditions, including his psychiatric conditions, and jumped or otherwise fell off of the fifth floor of the half-way facility selected and approved by the Defendant, United States, located at or about 105 S. Ashland Avenue in the City of Chicago, County of Cook, State of Illinois.

Answer: Deny that plaintiff was not provided with appropriate and sufficient medical and psychiatric care services, including but not limited to medication, monitoring, continuity of care and other services. Admit that plaintiff jumped or otherwise fell off the fifth floor of the private contract half way house facility located at or about 105 S. Ashland Avenue in the City of Chicago, County of Cook, State of Illinois. Aver that plaintiff jumped from the fifth floor of the private contract half way house facility nineteen days after his transfer from the USP Terre Haute, Indiana. Deny the remaining allegations

### III. Medical Malpractice Claim

Complaint ¶ 19. The Plaintiff, Condas Williams, adopts and incorporates by reference herein all allegations set forth above, including those in paragraphs 1 through 18.

Answer: Defendant adopts and incorporates by reference herein all answers to the allegations set forth above, including those in paragraphs 1 through 18.

Complaint ¶ 20. At all relevant times, including from May 15, 2005 through and including June 5, 2005, it was the duty of the Defendant, United States, acting by and through its employees, to furnish the Plaintiff, Condas Williams, with competent, qualified, and skilled transfer, medical and psychiatric services, including but not limited to care, treatment, monitoring, transfer, medication, medical and psychiatric management and care, for his medical and psychiatric conditions, including but not limited to bi-polar disorder, depression, paranoia and schizoid behavior.

Answer:    Deny.

Complaint ¶ 21. In breach of this duty, the Defendant, United States, acting by and through its employees, was negligent in committing one or more of the following acts or omissions:

    a.   failed to properly and promptly treat, monitor and care for the Plaintiff leading up to and through his transfer from the penitentiary to the halfway facility;

    b.   failed to properly and promptly order or otherwise provide sufficient and appropriate medication to continue to properly manage the Plaintiff's conditions, including his psychiatric conditions,

    c.   failed to promptly and properly order or otherwise provide appropriate and sufficient access to psychiatric and mental health treatment and medical care to properly manage his conditions, including his psychiatric conditions;

    d.   failed to promptly and properly order or otherwise provide sufficient and appropriate monitoring and services to properly manage his conditions, including his psychiatric conditions;

    e.   failed to promptly and properly institute a plan of treatment to appropriately address the Plaintiffs conditions, including by failing to transfer the Plaintiff to a facility where he would not have access to areas where he could fall or jump and thereby injure himself,

 f. failed to properly instruct, communicate with, monitor and advise the individuals involved in the Plaintiffs care and treatment so as to manage his psychiatric conditions and the resulting behaviors,

 g. failed to provide proper support and personnel to appropriately and safely transfer the Plaintiff;

 h. failed to use proper skill and knowledge in obtaining and providing services, care, treatment, monitoring, follow-up and care for the Plaintiff;

 I. failed to promptly and properly provide the Plaintiff with the necessary continuity of care;

 j. failed to promptly and properly treat, respond to and otherwise manage the Plaintiff's signs, symptoms and conditions so as to prevent, minimize, or minimize the risk that the Plaintiff would suffer a worsening of his condition or otherwise injure himself;

 k. failed to properly establish, direct, monitor and follow appropriate applicable rules, regulations, policies, procedures, customs and practices in the transfer, care and treatment of the Plaintiff and in the plan to effectuate same, and

 l. was otherwise negligent.

 Answer: Deny.

 Complaint ¶ 22. As a direct and proximate result of one or more of the above negligent acts or omissions by the Defendant, United States, the Plaintiff, Condas Williams, suffered a worsening of his medical and psychiatric conditions and as a result of the escalation and worsening of those conditions, jumped or otherwise fell off the fifth floor of the facility where the Defendant, United States, required him to reside as a condition of his release, and was thereby severely and permanently injured, including but not limited to his spine, back, and legs; he suffered spinal

fractures and required surgery to address such, including a discectomy from L1 to L4 and had a spinal fusion and corpectomy, left ankle fracture requiring open reduction and internal fixation, and a worsening of his conditions, including his psychiatric conditions; as a result thereof he is and remains paralyzed and has and continues to suffer the loss of his full range of motion and mobility, has had and with reasonable likelihood in the future will need to be admitted and re-admitted to the hospital and has received and with reasonable certainty in the future will need services, including but not limited to medical, psychiatric, rehabilitative, care and other services to address his conditions, he is and remains disabled, has experienced and with reasonable likelihood in the future will continue to experience tremendous pain, suffering, discomfort, and disability, he has experienced and is at increased risk for suffering in the future aggravation and worsening of his conditions, including but not limited to his physical and psychiatric conditions, was and with reasonable certainty in the future will continue to be prevented from attending to his usual and customary affairs and duties to the same extent and in the same manner as he otherwise would be permitted and has and with reasonable certainty in the future will lose the full value and enjoyment of his time, incurred and with reasonable likelihood in the future may incur substantial expenses, including but not limited to medical, health care, psychiatric and care expenses and has lost and with reasonable likelihood in the future will continue to lose some of his independence as a result of the injuries suffered.

    Answer:   Deny.

    Complaint ¶ 23. Attached hereto as Exhibit B is the requisite Attorneys' Affidavit as required by the Illinois Code of Civil Procedure in medical malpractice cases.

    Answer:   Admit that plaintiff attached to his complaint as Exhibit B an attorneys' affidavit.

### IV.  Negligence Claim

Complaint ¶ 24. The Plaintiff, Condas Williams, adopts and incorporates by reference herein all allegations set forth above, including those in paragraphs 1 through 18.

Answer:   Defendant adopts and incorporates by reference herein all answers to the allegations set forth above, including those in paragraphs 1 through 18.

Complaint ¶ 25. At all relevant times, including from May 15, 2005 through and including June 5, 2005, it was the duty of the Defendant, United States, acting by and through its employees, to use reasonable care in transferring the Plaintiff, Condas Williams, from the penitentiary to the required half-way house, including in providing the medication ordered and to communicate the plan of transfer and release to the individuals at the aforementioned half-way house for the protection and safety of the Plaintiff.

Answer:   Admit that the United States was responsible for the care, custody and control of plaintiff from December 18, 1999 until he was transferred on May 17, 2005 to the private half way house facility.  Deny the remaining allegations.

Complaint ¶ 26. In breach of this duty, the Defendant, United States, acting by and through its employees, was negligent in committing one or more of the following acts or omissions:

a. failed to properly and promptly transfer the Plaintiff and the medication ordered for him from the penitentiary to the halfway facility;

b. failed to properly and promptly provide, transport and transfer the medication as ordered to continue to manage the Plaintiffs conditions;

c. failed to promptly and properly communicate the ordered plan for access to psychiatric and mental health treatment and medical care to properly manage his conditions, including his psychiatric conditions;

   d.  failed to promptly and properly order or otherwise provide sufficient and appropriate monitoring and services to safeguard the Plaintiff;

   e.  failed to promptly and properly communicate and transfer the plan of treatment created to appropriately address the Plaintiff's conditions, including by failing to transfer the Plaintiff to a facility where he would not have access to areas where he could fall or jump and thereby injure himself,

   f.  failed to properly instruct, communicate with, monitor and advise the individuals involved in the Plaintiffs transfer and at the half-way house of the Plaintiffs needs,

   g.  failed to provide proper support and personnel to appropriately and safely transfer and discharge the Plaintiff;

   h.  failed to provide proper housing arrangements for the Plaintiff given his condition and history;

   I.  allowed the Plaintiff to be transferred and reside at a building that was not safe for him;

   j.  failed to prevent, minimize, or minimize the risk that the Plaintiff would jump, fall or otherwise injure himself from the fifth or other upper floors, including by providing barricades or other devices to prevent access by the Plaintiff to the upper floors;

   m.  [sic] was otherwise negligent.

   Answer:   Deny.

Complaint ¶ 27. As a direct and proximate result of one or more of the above negligent acts or omissions by the Defendant, United States, the Plaintiff, Condas Williams, jumped or otherwise fell off the fifth floor of the facility where the Defendant, United States, required him to reside as a condition of his release, and was thereby severely and permanently injured, including but not limited to his spine, back, and legs; he suffered spinal fractures and required surgery to address such,

13

including a discectomy from L1 to L4 and had a spinal fusion and corpectomy, left ankle fracture requiring open reduction and internal fixation, and a worsening of his conditions, including his psychiatric conditions; as a result thereof he is and remains paralyzed and has and continues to suffer the loss of his full range of motion and mobility, has had and with reasonable likelihood in the future will need to be admitted and readmitted to the hospital and has received and with reasonable certainty in the future will need services, including but not limited to medical, psychiatric, rehabilitative, care and other services to address his conditions, he is and remains disabled, has experienced and with reasonable likelihood in the future will continue to experience tremendous pain, suffering, discomfort, and disability, he has experienced and is at increased risk for suffering in the future aggravation and worsening of his conditions, including but not limited to his physical and psychiatric conditions, was and with reasonable certainty in the future will continue to be prevented from attending to his usual and customary affairs and duties to the same extent and in the same manner as he otherwise would be permitted and has and with reasonable certainty in the future will lose the full value and enjoyment of his time, incurred and with reasonable likelihood in the future may incur substantial expenses, including but not limited to medical, health care, psychiatric and care expenses and has lost and with reasonable likelihood in the future will continue to lose some of his independence as a result of the injuries suffered.

    Answer:    Deny.

## First Defense

Any recovery against the United States is barred under the FTCA's independent contractor exception, 28 U.S.C.A. § 2671, which preserves government immunity from suits involving acts of independent contractors or employees of independent contractors.

**Second Defense**

Any recovery against the United States is barred under the FTCA's discretionary function exception, 28 U.S.C. § 2680(a), which preserves government immunity from suits involving the performance of a discretionary function by a government employee.

**Third Defense**

Plaintiff was contributorily negligent.

**Fourth Defense**

Any award may not exceed the amount of $900,000 that was requested in plaintiff's administrative claim. 28 U.S.C. § 2675(b).

**Fifth Defense**

Any attorney's fees are limited to 25% of any court settlement or judgment. 28 U.S.C. § 2678.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Jack Donatelli
JACK DONATELLI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
jack.donatelli@usdoj.gov